Filed 11/16/22  P. v. Vasquez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094256 |
| Plaintiff and Respondent, | (Super. Ct. No. 95F09680 ) |
| v. | |
| RICARDO VASQUEZ, | |
| Defendant and Appellant. | |

Defendant Ricardo Vasquez appeals from the trial court's March 2020 order denying his petition for resentencing brought pursuant to Penal Code section 1172.6 (formerly section 1170.95).[1]  The court found defendant ineligible for relief as a matter of

---

[1] Further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, long after defendant filed his petition, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We will refer to the section where possible by its new numbering.

1

law by virtue of the jury's special circumstance finding, and alternatively, that this court's previous opinion established defendant was a major participant who acted with reckless indifference to human life under the law as clarified in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.

On appeal, the parties agree, as do we, that the trial court's order cannot stand.[2] We reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

*Defendant's Convictions*

On July 8, 1997, a jury found defendant guilty of first degree murder (§§ 187/189) with a robbery special circumstance (§ 190, subd. (a)(17)), robbery (§ 211), assault with a deadly weapon (§ 245, subd. (a)(1)), and attempted robbery (§§ 664/211). The jury also found true that defendant had personally used a knife. (§ 12022, subd. (b).) As relevant here, the jury was instructed on multiple theories of murder, including felony murder. The murder verdict form did not require the jury to identify the theory on which it relied.

We upheld these convictions in an unpublished decision issued in 1998. (*People v. Vasquez* (Oct. 16, 1998; C026759) [nonpub. opn.].)

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The

---

[2] We granted defendant's request to file his notice of appeal under the constructive filing doctrine on July 2, 2021.

legislation accomplished this by amending sections 188 and 189 and adding former section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill No. 1437 also added section 1172.6, which allows "those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Section 1172.6, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962.) First, the trial court determines whether the petition is facially sufficient under section 1172.6, subdivision (b). (*Lewis*, at p. 960.) If the petition is facially sufficient, then, the trial court moves on to subdivision (c), appointing counsel (if requested) and following the briefing schedule set out in the statute. (*Lewis*, at p. 966.) Following the completion of this briefing, the trial court then determines whether the petitioner has made a prima facie showing they are entitled to relief. (*Ibid.*)

3

As our Supreme Court explained, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 117[2.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis, supra*, 11 Cal.5th at p. 971.) As relevant here, Senate Bill No. 775 (2021-2022 Reg. Sess.), which took effect on January 1, 2022, amended section 1172.6 to codify the holdings of *Lewis* regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case and to clarify the burden of proof at the resentencing hearing as proof beyond a reasonable doubt. (Cal. Const. art. IV, § 8; Stats. 2021, ch. 551, § 1.)

*Defendant's Petition for Resentencing*

On February 27, 2019, defendant filed a form petition in propria persona requesting resentencing under former section 1170.95. He declared he had been convicted of first or second degree murder under a theory of felony murder or pursuant to the natural and probable consequences doctrine and could not now be convicted of murder because of changes made to sections 188 and 189.

Although the trial court appointed counsel and ordered briefing, prior to the completion of briefing, on March 2, 2020, the court issued an order denying defendant's petition for resentencing. The court reasoned that the jury instructions and jury findings from defendant's original trial established his ineligibility for relief as a matter of law.

4

Alternatively, the court found the previous appellate opinion contained facts establishing that defendant was a major participant who had acted with reckless indifference to human life under the law as clarified in *Banks* and *Clark*.

Defendant timely appealed. After multiple delays for counsel to submit their briefing, the case was fully briefed on September 15, 2022 and assigned to this panel shortly thereafter. The parties waived argument and the case was deemed submitted on November 14, 2022.

## DISCUSSION

During the pendency of this appeal, our Supreme Court decided *People v. Strong* (2022) 13 Cal.5th 698. *Strong* held that: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong,* at p. 710.) Here, the trial court concluded that the jury's pre-*Banks* and *Clark* findings precluded defendant from making a prima facie case, and alternatively, that sufficient evidence from our previous appellate decision established that defendant had acted with reckless indifference as clarified by *Banks* and *Clark*. Because these conclusions do not survive *Strong*, we will reverse the trial court's order and remand for further proceedings consistent with this opinion.

5

## DISPOSITION

The trial court's order is reversed and the matter is remanded for further proceedings consistent with this opinion.

_____/s/_____
Duarte, Acting P. J.

We concur:

_____/s/_____
Hoch, J.

_____/s/_____
Renner, J.

6